UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEE VASQUEZ, *individually and*
*on behalf of all those similarly situated*                                                              PLAINTIFF

v.                                            No. 5:21-CV-05143

P.A.M. TRANSPORT, INC.
and JOHN DOES 1-10                                                                                      DEFENDANTS

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 29) for protective order and proposed protective order (Doc. 29-1).  The parties seek protection of trade secrets or other confidential business information, sensitive personal information, and "information which, if disclosed, would be reasonably likely to have an adverse effect on the competitive position or business operations on the Party or Non-Party producing the Material". *Id.* at 2.  For the reasons set forth below, the Court will GRANT the motion and enter the protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way."  "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information.  Trade secrets and other confidential

commercial information fall squarely within the ambit of Rule 26(c).  "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'"  *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)).  Here, entry of a protective order will neither impair prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order.  The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The proposed protective order also includes "sensitive personal information to include an individual's Social Security number, taxpayer identification number, financial account number, driver's license number, State-issued identification number, and passport number."  (Doc. 29-1, p. 2).  It is unclear how discovery in this case may yield personal information of this kind.  However, in the event such information is exchanged during discovery, it would obviously cause oppression or undue burden for the person whose information is produced.  Moreover, courts routinely protect employee personnel files likely to contain similar information.  *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").  The Court finds that good cause has been shown for entry of a protective order regarding documents containing personal information.

The Court will separately enter the proposed protective order.

IT IS SO ORDERED this 27th day of April, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE