UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANAS
FAYETTEVILLE DIVISION

LEE VASQUEZ                                                                    PLAINTIFF

v.                                        No. 5:21-CV-5143

P.A.M. TRANSPORT, INC.
and JOHN DOES 1-10                                                           DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff's unopposed motion (Doc. 49) for preliminary approval of the collective and class action settlement, a copy of the executed settlement agreement and settlement notice (Doc. 49-3), and Plaintiff's brief in support (Doc. 50). The Court has reviewed these materials and largely approves of the parties' proposal. However, the Court has five areas of concern which currently prevent it from granting full approval. Therefore, Plaintiff's motion for preliminary approval will be DENIED with leave to re-file on terms consistent with this Opinion and Order.

*First*, although Plaintiff's proposed notice references a consent form for FLSA opt-in plaintiffs, *see* Doc. 49-3, p. 20, Plaintiff has not provided the Court with a copy of this consent form. The Court will not approve this settlement without first reviewing and approving the consent form for FLSA opt-in plaintiffs.

*Second*, page 4 of Plaintiff's proposed notice contains incorrect section numbering. *See id.* at 24–25 (containing sections numbered 6, 7, 7, 8, 10). This should be corrected in any re-filed proposed notice.

*Third*, section 3.5 of the proposed settlement, entitled "Non-Monetary Settlement Terms," indicates that Defendant has agreed not to reinstitute certain policies within the next five years. If the parties file a renewed motion for approval, then the motion should be accompanied by a brief

1

that explains what enforcement mechanism, if any, is contemplated for these non-monetary terms. For example, it is presently unclear to the Court whether the parties intend to ask the Court to retain jurisdiction of this case to enforce the terms of the settlement agreement after the case is closed, or perhaps whether the parties are asking the Court to certify a class under Federal Rule of Civil Procedure 23(b)(2) for the purpose of entering injunctive relief.

*Fourth*, the settlement agreement and proposed notice state that eligible settlement class members who do not opt out "will waive, release, and forever discharge" all claims against Defendant "*under the FLSA*," as well as various other federal and state laws. *See id.* at 12, 24 (emphasis added).  Counsel for both sides should already be aware the Court does not approve this language, given their previous participation before this Court in the case of *Estes v. PAM Transport Inc.*, Case No. 5:13-CV-5199, in which this very issue was thoroughly litigated.  In that case, this Court declined to approve a settlement where Rule 23 class members waived FLSA claims without having opted into the collective action, and held that "preliminary approval of this settlement is contingent upon all notice and settlement documentation being amended to reflect that Rule 23 class members who have not opted into the FLSA collective action do not waive FLSA claims for the relevant time period."  *See* Case No. 5:13-CV-5199, Doc. 81, p. 3.  This Court's reason for doing so was that "[t]he Eighth Circuit has implied that something more affirmative than failing to opt out of a Rule 23 class is required to waive a claim under the FLSA."  *Id.* (citing *Beauford v. ActionLink, LLC*, 781 F.3d 396 (8th Cir. 2015), for the proposition that FLSA rights are statutory and generally cannot be waived or settled absent affirmative agreement between the employee in question and the employer).  This Court's view on this issue has not changed since then.  As in *Estes*, preliminary approval of the instant settlement is contingent upon all notice and settlement

documentation being amended to reflect that Rule 23 class members who have not opted into the FLSA collective action do not waive FLSA claims for the relevant time period.

Relatedly, any re-filed proposed notice must clarify that although the FLSA and Rule 23 classes overlap they are nevertheless legally distinct entities, and that therefore opting out of the Rule 23 class will not prevent one from opting in as an FLSA plaintiff or *vice versa*. To that end, the Court specifically notes that it does *not* approve the proposed notice's statement that "You may not opt-in as an FLSA opt-in Plaintiff if you wish to exclude yourself from the Settlement," because as presently worded the proposed notice fails to conceptually distinguish between opting out of the Rule 23 class in particular and excluding oneself from the settlement more generally. *See* Doc. 49-3, p. 25. The Court recognizes, as it did in *Estes*, "that the practical effect of these amendments may be slight, as it is unlikely that the employees will pursue separate FLSA claims or that the claims will not be barred by the running of the statute of limitations," but "the Court nevertheless must make the decision that it finds is legally appropriate and correct." *See Estes*, Case No. 5:13-CV-5199, Doc. 81, p. 3.

*Fifth* and finally, although the "Legal Rights and Options" table on the cover page for Plaintiff's proposed notice includes summary instructions on how to file a consent form, it does not include any analogous instructions in the "Exclude Yourself" row on how to opt out of the Rule 23 class. Any re-filed proposed notice should add language to an appropriate row of this table summarizing the procedure that is subsequently described in the section of the proposed notice that is currently entitled "How do I exclude myself (opt-out) from this settlement?". *Compare id.* at 20 *with id.* at 24–25. In doing so, the parties should take care to distinguish between opting out of the Rule 23 class in particular versus excluding oneself from the settlement more generally, in keeping with the concerns addressed by the Court's fourth point above.

IT IS THEREFORE ORDERED that Plaintiff's unopposed motion (Doc. 49) for preliminary approval of the collective and class action settlement is DENIED with leave to re-file a motion for preliminary approval on terms consistent with this Opinion and Order.

IT IS SO ORDERED this 25th day of August, 2022.

*/s/ P. K. Holmes,* III

P.K. HOLMES, III
U.S. DISTRICT JUDGE