UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEE VASQUEZ                                                     PLAINTIFF

v.                              No. 5:21-cv-5143

P.A.M. TRANSPORT, INC.                                         DEFENDANT

**ORDER GRANTING FINAL APPROVAL OF
COLLECTIVE AND CLASS ACTION SETTLEMENT**

Before the Court is Plaintiff's unopposed motion for final approval of the class and collective settlement and related relief (Doc. 68). The Court has considered the motion and legal arguments presented therein, and held a hearing on the motion. No eligible class members have objected to or opted out of the settlement. Upon due consideration, the Court finds that Plaintiff's unopposed motion should be GRANTED. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court has jurisdiction over the subject matter of this action, all members of the Settlement Class as defined in the Settlement and Release Agreement (Doc. 55-4) ("the Settlement Agreement"), and Defendant.

2.      In accordance with Federal Rule of Civil Procedure 23, the requirements for due process, and the Court's order granting preliminary approval of the collective and class action settlement (Doc.56) ("Preliminary Approval Order"), the Settlement Class was given proper and adequate notice of the Settlement Agreement, including the details thereto, and of the fairness hearing held on October 11, 2023.

3.      Ninety (90) days have elapsed since the mailing of notices mandated by 28 U.S.C. § 1715. Because no objection or request for hearing has been received from any Federal or State Official, the requirements of 28 U.S.C. § 1715 are satisfied.

1

4.      The Settlement Notice (Doc. 55-4, pp. 21–27), as well as the notice of the Fairness Hearing and notice methodology implemented pursuant to this Court's orders at Docs. 56, 57, 62, and 63 were appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and they met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

5.      The Settlement Agreement was the result of arms-length negotiation by experienced counsel.  It is the product of adversarial negotiations following more than two years of litigation that involved substantial discovery efforts and expense for the parties.  Counsel for the parties and the parties themselves carefully evaluated the risks, time, and costs associated with continuing this litigation.  The Settlement Agreement represents a fair compromise to what would otherwise be a long and uncertain path of litigation.

6.      The Settlement Agreement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the class and others whom it affects, based upon (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Settlement Class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; and (6) the risks of maintaining a class action through the trial.

7.      Additionally, the settlement is a fair and reasonable compromise of a *bona fide* dispute under the FLSA.

8.      The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and any other applicable laws have been met as to the Settlement Class.

9.      The FLSA Collective Action and Rule 23 Class Action Settlement is granted Final Approval.  The Release contained at § 4.2 in the Settlement Agreement is binding on all Settlement

Class members, and the Release contained at § 4.1 in the Settlement Agreement is binding on all Settlement Class members who filed consent forms to join the FLSA Collective Action.

10.     The Court confirms the appointment of Named Plaintiff Lee Vasquez as class representative for the Settlement Class, and Swartz Swidler, LLC as Class Counsel in this litigation.

11.     The allocation of the Settlement Fund between the FLSA Collection Action and Rule 23 Class Action Settlement Members, as set forth in the Settlement Agreement, is reasonable.

12.     The Defendant is to wire the entire Settlement Fund of four million, seven-hundred fifty thousand dollars ($4,750,000) to the Claims Administrator within 10 days of the date of this Order becoming final and non-appealable, pursuant to § 3.1(B) of the Settlement Agreement.

13.     Pursuant to § 3.5 of the Settlement Agreement, Defendant may not charge "any service fees for wage advances" or "deduct[] from wages for 'escrow' accounts . . . for the benefit of PAM" in the five years following the date of this Order.

14.     Angeion Group, who is the appointed Claims Administrator, is to distribute the Settlement Fund to all class members consistent with the Settlement Agreement and this Order.

15.     Class Counsel's request for its reasonable attorney's fees, totaling $1,583,333—1/3 of the Settlement Fund—is approved.

16.     Class Counsel's request for its reasonable litigation costs, totaling $72,049.14, is approved.

17.     Named Plaintiff Lee Vasquez is awarded a service payment of ten thousand dollars ($10,000).

18.     Claims Administrator Angeion Group is awarded its reasonable fees and costs incurred in providing notice of and administering the settlement, to be paid from the Settlement

Fund in accordance with the Settlement Agreement, in an amount not to exceed one hundred thousand dollars ($100,000) and not to include work performed by Angeion as a result of the delay in effectuating CAFA notice, or associated with the April 21, 2023 re-mail of the Settlement Notice described at Doc. 69-3, ¶ 21.  This amount also shall not include any administration fees that Class Counsel has already paid Angeion Group.  *See, e.g.*, Doc. 69-1, ¶ 26.e.

19.    Pursuant to §§ 2.16 and 3.1(C) of the Settlement Agreement, any unclaimed funds remaining in the Settlement Fund following the time periods provided in § 2.16 shall be equally distributed to all Eligible Class Members who negotiated their first check, and this process shall repeat every 150 days until it is not economically feasible to issue additional checks.  When it is no longer economically feasible to issue additional checks, all excess funds shall be donated to *cy pres* recipient, St. Christopher Truckers Relief Fund.  However, before donating those excess funds to the *cy pres* recipient, the parties shall inform the Court of how much money remains in the settlement fund and why it is no longer economically feasible to issue additional checks to Eligible Class Members, and shall request the Court's final approval of the *cy pres* donation.

20.    IT IS THEREFORE ORDERED that Plaintiff's unopposed motion for final approval of the class and collective settlement and related relief (Doc. 68) is GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, and adequate to members of the Settlement Class, and in the public interest.  The settling parties are directed to consummate the settlement in accordance with the terms of the Settlement Agreement, and payment to the Claims Administrator for its reasonable fees and costs incurred in administering the settlement.  This matter is DISMISSED WITH PREJUDICE without costs or fees to either side, except as provided in the Settlement Agreement and this Order.

21.    IT IS FURTHER ORDERED that this document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.  Without affecting the finality of this final judgment, the Court hereby retains continuing and exclusive jurisdiction over the parties with respect to all matters relating to this action and Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Order and Judgment.

IT IS SO ORDERED this 11th day of October, 2023.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE